Our next case on the call the docket is agenda number 13 case number one one four seven seven nine John early or John L. Earlywine Versus Jessica a early wine and also Thomas H. James counsel for the appellant Thank You justice Kilbride members of the court may please this court I'm Tom James. I'm the contender appellant that comes from Stevenson County and took this case to the second district and now it's here the status of this case at this time is that The appellate court purged the contempt, but they did not purge the discouragement what? I'll try I think that might help Where we're at on this case is that? What I'm testing is the holding of Dowling and the advance payment retainer protections that it provides which are also under our PC 1.15 as compared to the leveling the playing field statutes which come under sections 501 503 and 508 of the Illinois marriage and Dissolution of Marriage Act and Oftentimes I will refer to that as IDMA It's our position my position that when you compare the rules of professional conduct and Dowling to the statutes of IDMA that I just referred to the result of that is that One defers to the rules of professional conduct those rules professional conduct Which are part and parcel of Illinois Supreme Court rules at this point now allow For the use of an advance payment retainer and what that retainer does is it precludes it from being subject to a turnover order? That was demonstrated in Dowling in Dowling. There was a judgment about eight hundred thousand dollars the Judgment debtor at that point sought to retain counsel Needed to retain counsel because they needed to deal with asset protection strategies They were looking to buy a house in Florida and do some other things so that they could Stay whole in essence the question is I think that goes to the issue of whether or not It was if it were marital funds would that somehow change it and I think the answer to that is still That we would end up following Dowling. I also think that although it's You're asking the question for the first time I think attorneys fees in general if they come out of marital funds that creates a claim dissipation So you can already create an equivalence or parity that isn't necessarily required By the leveling the playing field rules, so and I don't if that answers your question completely Um Well then I'm searching to I guess I'm trying to understand the funds are being paid by a third party that's correct in this Not for purposes not in this case because the third party specifically knew That they were going that this advance payment retainer was being used with regard to these funds that was explained to them in fact There's an affidavit to that effect in the file from John's mother because the third party is in fact family members and so In order to step forward they wanted some protection they wanted to know that this money is going to go and be for representing John and Again, I had to explain what I'm doing and why we're going to use an advance payment retainer We're going to use Dowling why because Dowling changed What was that before that a problem and actually the Amici actually come in and talk about this a little bit in their brief because if you don't have does that mean that the Retainer in this case was for the advantage of the client or the attorney That goes directly to 1.15 and why the amendment goes to that area the rules of professional conduct because That area the rules of professional conduct is for the protection of the client to maintain the attorney-client relationship That is both a personal right and a property right and so when you ask me for for whose benefit It is for the benefit of the client But it is obvious that the attorney also benefits because they stay retained But it wouldn't matter whether it's this attorney or any other the client seeks to have representation And that's what the purpose of that Retention is all about it's too much Yes, that's what Dowling holds Dowling holds 226, Illinois second 286 It's earned when paid and the consequence of that is that you have to place that in your commercial account And not in a trust account can't put in a trust account because you'd be commingling it with the money of other Clients, and it's not client money at that point in time You do you agree that the policy of the Dissolution Act is to provide parity between the parties as far as Representation and so forth that gets the two things like clearly There is a desire under the leveling the playing field rules to create parity between the parties but It is also correct that There is a right to rain retain counsel for purposes of petitioning government That's a First Amendment right and when those First Amendment rights have been tested what the US Supreme Court has said is that? Leveling the playing field is not a legitimate government purpose consequently when you look at this policy issue of parity versus the First Amendment You have to look at the second district decision, and you have to look at it and go does this survive strict scrutiny is There a compelling governmental purpose Which is closely drawn by the statute to fulfill that purpose, and that's what came up in Arizona versus Bennett and what Justice Roberts said is that and this isn't a discussion as the colloquy is actually in the brief. There's a discussion between Justice Roberts and Attorney Jay, and he asked him isn't it correct Mr.. Jay that Leveling the playing field is not a legitimate government purpose and mr. Jay response he says that's correct and They go on in the decision, and they point that out and they point that out based In Arizona, and they rely upon Davis versus FEC counsel Justice Perkins asks a very Interesting question in that if a third party Pays the advance payment retainer That's affording somebody in this context to get an attorney. We're presumably Without that they may not be able to get right isn't that one way of putting it It's possible to look at it that way. I guess I would what I would follow up with and I would say is that To make the parallel between that and Arizona the Contestants the political contestants in those cases also were getting money from third parties The issue is also that there happens to be a political contest. I think what's interesting It's a question though, and I understood your argument on the dissipation, but Where the money is coming out of the marriage? Presumably the one party would be allowed to get an attorney or have the opportunity to get an attorney, but the other may not As a result of that advance payment retainer, I think that's the import of the question isn't it? I think what you're getting at is To be direct you're asking about the issue when it's coming out of the marital funds, right? Okay, which in this case? It's not it's not it's not we don't have there aren't marital funds There's virtually right her question said do we have a different scenario when it is coming out of the marital funds? You said well, you can always you know make a claim for dissipation as a result of the advance payment retainer And I'm saying that one of the purposes that would seem for the advance payment retainer in the context Certainly where there's a third party is that that particular person is as a chance of getting an attorney where without That advance payment retainer you may not be willing to take the case, right? Well, that's correct that in fact That's the whole whether it's myself or anyone else without the advance payment retainer the client the attorney may just say no because it's going To be subject to a clawback, right? That's the question specifically dovetailing off of what she asked is Well, what about the situation where it is marital funds, which may allow one of the parties to get a read an attorney But may prevent the other party from getting an attorney in the marital context And what I think you're looking to do is try to find a distinction and the question then becomes asking if there is one I'm not looking to do anything at this point I've grappled with that and when I grapple with that I come back to four different cases NAACP versus button I come to the University my unit Excuse me United Mine Workers of America versus the Illinois State Bar Association I look at Arizona and I look at Davis And when I look at those cases What they say is that with regard to the retention of counsel for purposes of speech? You cannot place burdens on that retention, right? But the principle that Justice Garman brought up parity between the parties in the marital context. How does that interplay? I think that's To be direct. That's the exact Conflict that they addressed in Arizona. That's exactly what Justice Roberts was getting at because Whether it's Arizona or Davis where they're talking about the millionaire rule the millionaire rule in Davis What the whole point was we had one party who spent I think in that case over? $350,000 with regard to Basically, it's advertising. It's getting the message out and because of it There's a trigger that trigger causes state funds to come into the other side, but what they said was That benefit that providing of the benefit dilutes the speech of the other party When we look at the leveling the playing field rules as they're constructed in, Illinois It's not a question of dilution. It's turning down the microphone or just turn it off Because we take that money from the other side Sir, I'm not sure I understand your argument. I mean you are you making a really broad argument about the entire level of playing field statute It's no Constitutional because of this this I'm trying to avoid money for one side of the other. I'm trying to avoid that I think parity and leveling the playing field between the parties. I think that continues That's a different issue than What happens when you start having? People go into a public forum or go into a governmental forum and they hire counsel to be that advocate when counsel walks in counsels the microphone the party still have to deal with their Own issues relative to the cause of action which in this case is a divorce but the hiring of counsel Is handled separately it carves out from dealing with? What would be otherwise? Simply the application of the leveling the playing field rules it carves out because of the First Amendment obligation Protection which is provided in this case to the client whichever client it is But the protection is the limitation placed on government from imposing upon the attorney-client relationship That's that's the same thing which The ISBA sought to put against the United Mine Workers They tried to say hiring of counsel was the unauthorized practice of law Counsel let me ask you this if you've answered justice Tice's question Was your objection in the trial court more than just hey we have the advanced payment retainer. It's protected Did you also argue that when you look at the income and assets of this party versus that party There are sufficient assets where there's no imbalance because that's what the statute says is whether or not the one party has access to sufficient income or Assets to represent his his self or herself both both parties came in and testified and they testified they had no assets There are no assets in this case Therein lies the problem the only way my client was going to have Protection in the order order of protection and be able to go forward was to have these third parties a system and in that sense People can associate whether it's as a union as an association I understand the First Amendment argument, but let me ask you this under our rule 1.15 C It says you have to state a special purpose To benefit the client to protect it as an advanced payment retainer now when I read in the record your retainer agreement Basically, if I understand correctly is there just to protect to defeat the level the playing field That's the only special purpose unless I'm misreading it and I want you to tell me if I've got it right or wrong It the leveling the playing field rules by the very nature of them create a conflict of interest for the client for the attorney with the client because if I don't use An advanced payment retainer, and I don't explain. Oh, I understand all that. I'm just asking you did your agreement set out any other special purpose Well, there's a five. There's five paragraphs of that are in that are in the agreement I they set out there's different reasons because I have to address all those reasons Relative to each paragraph and they're all addressed In there, it's not just about leveling the playing field. It's about being able to obtain representation Who's going to take on a case like John early wines if you know? Looking at it, and I see I'm out of time, but if you know that you're looking at it, and you're going to get clawed back Why would you step into that? Okay, thank you any other questions. I do are you saying that an advanced payment retainer is constitutionally required? Or are you saying that once we've approved it We I guess it would be a constitutional violation to say it's not appropriate what I'm saying is that by Sanctioning the advanced payment retainer and Ensuring that it's not subject to turnover. We avoid the constitutional problem But it is it is the implementation of the RPC 1.15 That avoids us from having the first amendment problem it avoids it avoids all of these things that I brought up The only thing that the second district decision does is it creates it creates and continues the parity But it does so in diminution of the attorney-client relationship both traditionally and constitutionally Thank you, thank you Case number one one four seven seven nine and ray the marriage of John Jay Early wine and Jessica a early wine and involving the Thomas J. James It's taken under advisement as agenda number 13. Thank you very much